UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 16-10121 |
| ) | |
| v. ) | Violation: |
| ) | |
| TERRENCE KYLE TACKETT, ) | 18 U.S.C. § 1518(a) |
| ) | Obstruction of Criminal Investigation |
| Defendant. ) | of Health Care Offenses |
| ) | |

## INFORMATION

The United States Attorney charges that:

### THE DEFENDANT

1. The defendant TERRENCE KYLE TACKETT is an individual who resides in Florence, Kentucky.

### PAYMENTS TO MEDICAL PROFESSIONALS IN RELATION TO PRODUCT ONE

2. In or about 2012 and continuing into 2013, TACKETT worked as a sales representative in Kentucky for Company A, a health care company based in California.

3. As a Company A employee, TACKETT sold Company A's diagnostic test, Product One, to medical practices, including Practice A, Practice B, and the practice of Doctor C-1 at Practice C.

4. Medicare covered Product One in 2012 and 2013.

5. In 2012, TACKETT paid money by personal check to Practice A in exchange for Practice A's recommendation of Product One to patients.

6. In 2013, TACKETT gave gift cards to Employee B-1 at Practice B also in exchange for ordering Product One.

7.  In 2012 and 2013, TACKETT paid Employee C-1 and Doctor C-1 money by personal check in exchange for ordering Product One.

## PAYMENTS TO MEDICAL PROFESSIONALS IN RELATION TO PRODUCT TWO

8.  Beginning in August 2013 and continuing to February 2015, TACKETT worked as a sales representative in Kentucky for Company B, a pharmaceutical company based in Massachusetts, promoting and selling Company B's drug, Product Two.

9.  At all relevant times, federally-funded health care programs, including Medicare and the Kentucky Medicaid program, covered and paid for prescriptions for Product Two.

10. TACKETT promoted Product Two to medical personnel at Practice C in Kentucky, including Employee C-1 and Doctor C-1; at Practice D in Kentucky, including Employee D-1 and Employee D-2; and at Practice E in Ohio, including Employee E-1 and Employee E-2.

11. In 2013 and 2014, TACKETT gave Employee C-1 multiple gift cards as a reward for arranging for prescriptions for Product Two for Medicare and Medicaid patients.

12. In 2013 and 2014, TACKETT also paid Employee C-1 and Doctor C-1 with personal checks for arranging for prescriptions for Product Two for Medicare and Medicaid patients.

13. In 2014, TACKETT gave Employee D-1 multiple gifts cards and paid Employee D-1 with multiple personal checks in relation to arranging for prescriptions for Product Two for Medicare and Medicaid patients in 2014.

14. TACKETT also offered to give gift cards to Employee D-2 at Practice D for arranging for prescriptions for Product Two.

15. In 2013 and 2014, TACKETT gave gift cards to Employee E-1 and Employee E-2 at the office of Doctor E-1 in Ohio for preparing prescriptions for Product Two.

## JANUARY 30, 2015 INTERVIEW STATEMENTS

16. On or about January 30, 2015, TACKETT met with Federal Bureau of Investigation Special Agents, a U.S. Health and Human Services Office of Inspector General Special Agent, and Assistant U.S. Attorneys, all of whom were duly authorized by departments of the United States to conduct and to engage in investigations for prosecutions for violations of health care offenses, including 42 U.S.C. § 1320a-7b, which prohibits knowing and willful offers to pay or payment of any remuneration directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program.

17. At the start of the January 30, 2015 meeting, TACKETT was informed that the meeting was part of a criminal investigation.

18. At the start of the January 30, 2015, TACKETT was informed that to the extent he chose to answer questions from criminal investigators, he must answer all questions truthfully and that any statement he chose to make could be used against him in a prosecution based on false statements made or false information provided.

19. During the January 30, 2015 meeting, TACKETT stated that he never gave any gifts, including money, to any health care providers except for a gift card he gave to Employee C-1, a nurse in the office of Doctor C-1 at Practice C, as a wedding gift for Employee C-1's daughter.

20. During the January 30, 2015 meeting, TACKETT further stated that he never gave monetary gifts to any other health care providers at any time, in relation to Product Two or otherwise.

21.     During the January 30, 2015 meeting, TACKETT specifically denied giving gifts or money to Employee D-1, a nurse in the office of Doctor D-1 at Practice D in Kentucky in relation to Product Two.

22.     During the January 30, 2015, TACKETT knew that his statements denying that he gave monetary gifts, including gift cards, to health care providers were false because he knew he had, in fact, paid remuneration to multiple health care providers in exchange for ordering, recommending, or arranging for orders for Product One and for prescriptions for Product Two.

## COUNT ONE
### (Obstruction of Criminal Investigations of Health Care Offenses)

23. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

24. On or about January 30, 2015, at Boston in the District of Massachusetts,

**TERRENCE KYLE TACKETT**,

did willfully prevent, obstruct, mislead, delay and attempt to prevent, obstruct, mislead, and delay the communication of information and records relating to a violation of a Federal health care offense to criminal investigators, specifically, by making false statements about payments he made to health care providers in relation to orders for Product One, made by Company A, and to prescriptions for the drug, Product Two, made by Company B, to agents of the Federal Bureau of Investigations and the U.S. Department of Health and Human Services, Office of the Inspector General, as well as Assistant U.S. Attorneys, duly authorized to conduct and to engage in investigations for prosecutions for violations of health care offenses, including Title 42, United States Code, Section 1320a-7b.

All in violation of Title 18, United States Code, Section 1518(a).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: *[signature]*
Sara Miron Bloom
Youngik Paik
Kriss Basil
Assistant U.S. Attorneys